IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-19-93-R |
| | ) | CIV-22-293-R |
| MALCOLM E. TRAYWICKS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is "Defendant's Motion to Vacate, Set Aside, or Modify Sentence Under 28 U.S.C. § 2255." (Doc. No. 50). The United States responded in opposition to the motion (Doc. No. 52), and Defendant replied (Doc. No. 55). Upon consideration of the parties' submissions, the Court DENIES Defendant's Motion.

Defendant, Malcolm E. Traywicks, Jr., pled guilty to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. Nos. 16-18). His sentence was enhanced to 180 months pursuant to the Armed Career Criminal Act (ACCA). Defendant's conviction and sentence were affirmed on appeal to the Tenth Circuit Court of Appeals (Doc. No. 44), and the Supreme Court denied certiorari on April 5, 2021. (Doc. No. 49).[1] Defendant now challenges his 180-month sentence pursuant to 28 U.S.C. § 2255 on three grounds: (1) the Oklahoma statute, upon which Defendant's ACCA predicate offenses are based, is broader than the ACCA's definition of a "serious drug

---

[1] *See United States v. Traywicks*, 827 F. App'x 889 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2501 (2021).

offense"; (2) he was denied the effective assistance of counsel, because his attorney failed to challenge whether Defendant's predicate offenses were still "serious drug offenses" under the ACCA after the State lowered the maximum sentence and allegedly applied the amendment retroactively; and (3) trial counsel was ineffective in failing to withdraw so that new counsel could argue an ineffective assistance of trial counsel claim on appeal. (*See* Doc. No. 50).

As noted, Defendant was sentenced to 180 months pursuant to the ACCA statutory minimum. *See* 18 U.S.C. § 924(e)(1). Without sentence enhancement, Defendant's guideline imprisonment range would have been 135 months to 168 months. (*See* Doc. No. 25, at 20). The ACCA mandates sentences "not less than fifteen years" for persons who violate 18 U.S.C. § 922(g) and have "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Defendant's ACCA-enhanced sentence was based on four convictions under Okla. Stat. tit. 63, § 2-401. (See Doc. Nos. 27-1, 27-2, 27-3, 27-4). Pursuant to § 2-401, it is unlawful for any person:

> To distribute, dispense, transport with intent to distribute or dispense, possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance or to solicit the use of or use the services of a person less than eighteen (18) years of age to cultivate, distribute or dispense a controlled dangerous substance.

Okla. Stat. tit. 63, § 2-401(1). First, Defendant asserts that under State law, possession of a controlled dangerous substance with intent to distribute (§ 2-401(A)(1)) is "the functional equivalent of simple possession" (§ 2-402(A)(1)) because the former may be "proven absent any conduct other than mere possession." (Doc. No. 50, at 4). Defendant is mistaken. The crime of possession with intent to distribute (§ 2-401(A)(1)) requires proof of "an intent to manufacture/distribute"; the crime of simple possession does not. *See* OUJI-Cr. Nos. 6-4, 6-6. Defendant pled guilty to having an intent to distribute under § 2-401 on three separate occasions. (*See* Doc. Nos. 27-2, 27-3, 27-4).

Second, Defendant argues that because § 2-401(1) contains a solicitation clause addressing minors, it is broader than the ACCA's definition of a "serious drug offense" and cannot be the basis for an enhanced sentence. *See* 18 U.S.C. § 924(e)(2)(A)(ii). The Tenth Circuit has concluded, however, that despite the solicitation clause, convictions under Okla. Stat. tit. 63, § 2-401 can be the basis for an ACCA sentence enhancement because the statute defines more than one crime with separate and distinct punishments rendering the statute divisible. *See United States v. Thrasher*, 816 Fed. App'x 253, 257-58 (10th Cir. 2020). Accordingly, the Court may engage in a "modified categorical approach" to determine whether the crime of solicitation, or the crime of possession or distribution, was the basis for Defendant's convictions. *See Descamps v. United States*, 570 U.S. 254, 263-64 (2013). When applying the modified categorical approach, courts are limited to reviewing "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" when pleading guilty. *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Here, Defendant's enhanced sentencing under the ACCA was based upon three convictions for possession of a controlled dangerous substance with intent to distribute (*See* Doc. Nos. 27-2, 27-3, 27-4), and one conviction for conspiracy to distribute, and actual distribution, of a controlled dangerous substance (*See* Doc. No. 27-1). As in *Thrasher*, the offenses relied upon for Mr. Traywick's enhanced sentencing under the ACCA are unquestionably related to possession with intent to distribute and distribution of a controlled substance—not solicitation of a minor.[2] 816 F. App'x at 259. Defendant's argument that convictions under Okla. Stat. tit. 63, § 2-401 cannot be used for ACCA sentence enhancement due to the statute's solicitation clause is without merit.

Defendant next contends that he received ineffective assistance of counsel because his attorney failed to argue that his predicate offenses were no longer "serious drug offenses" under the ACCA. His argument is premised on a 2018 amendment by which the state lowered the § 2-401 drug offense maximum sentence from life to: (1) seven years for the first conviction, (2) fourteen years for the second conviction, and (3) twenty years for all subsequent convictions under the statute. Okla. Stat. tit. 63, § 2-401(B)(1) (amended by laws 2018, SB 793, c. 130, § 1, eff. Nov. 1, 2018). Defendant asserts that the amendment applies retroactively so that his prior convictions under § 2-401 cannot serve as the basis for his enhanced sentence. (Doc. 50-1, at 5-7). Defendant has failed, however, to establish

---

[2] Defendant cites *United States v. Cantu*, 964 F.3d 924 (10th Cir. 2020) in arguing that it is unclear as to whether Okla. Stat. tit. 63, § 2-401 is divisible between (1) distribution or possession of a controlled substance with, or without, intent to distribute, and (2) solicitation of minors. The Court is unpersuaded. *Cantu* never addressed the issue of solicitation as Defendant acknowledged in his Motion (Doc. No. 50-1, at 4).

that the amendment applies retroactively. *See Lundy v. Martin*, No. 19-CV-0322, 2022 WL 4021864, at \*5 (N.D. Okla. Sept. 2, 2022) (denying a state prisoner's 28 U.S.C. § 2254 petition, in part, because the amendment to Okla. Stat. tit. 63, § 2-401(B)(1) did not apply retroactively as the Oklahoma Court of Criminal Appeals recognized in finding that "[n]othing in this amendment . . . authorizes retroactive application to crimes committed before the effective date." (quoting *Lundy v. State*, No. F-2018-104 at 4 (Okla. Crim. App. May 9, 2019) (unpublished)). Accordingly, the relevant inquiry is to consider the maximum term of imprisonment that was applicable to Defendant's predicate offenses "at the time of the [D]efendant's state conviction for [those] offense[s]" to determine whether the convictions qualify as predicate serious drug offenses under the ACCA.[3] *McNeill v. United States*, 563 U.S. 816, 825 (2011). Here, the maximum sentence was life in prison for each of Defendant's predicate offenses at the time of each conviction, thus, each offense qualifies as a "serious drug offense" under the ACCA.

Moreover, even if the State's 2018 amendment to § 2-401 applied retroactively, Defendant would still be subjected to enhanced sentencing under the ACCA. The State's amendment "lowered the maximum sentence for *first* time cocaine offenses" from life to

---

[3] The Court agrees with Defendant that the holding in *McNeill* "does not concern a situation in which a State subsequently lowers the maximum penalty applicable to an offense and makes that reduction available to defendants previously convicted and sentenced for that offense." *McNeill*, 563 U.S. at 825 n.1. This limitation, however, is not relevant to the Court's analysis because the State did not retroactively apply the amendment to convictions under § 2-401. Defendant references Oklahoma State Question 780 to argue that the State has applied the 2018 amendment to § 2-401 retroactively, but SQ 780 amended § 2-402 by reclassifying the crime for possession of a controlled substance from a felony to a misdemeanor. SQ 780 did not address § 2-401.

seven years, however, subsequent offenses maintain maximum penalties exceeding ten years. (Doc. No. 52, at 3). Defendant has four separate convictions under Okla. Stat. tit. 63, § 2-401. (*See* Doc. Nos. 27-1, 27-2, 27-3, 27-4). Even if Defendant's first conviction (CF-1990-5680) no longer constituted a "serious drug offense," the remaining three convictions—all punishable by maximum sentences of more than ten years—would still qualify as serious drug offenses under the ACCA. In short, counsel was not ineffective for failing to raise an argument regarding the alleged retroactive application of the State's amendment to Okla. Stat. tit. 63, § 2-401 because (1) the amendment does not apply retroactively, and (2) even if it did, Defendant would still be subject to sentence enhancement under the ACCA.

Finally, Defendant contends that his counsel was ineffective for failing to withdraw so that appellate counsel could raise an ineffective assistance of trial counsel argument on direct appeal. (Doc. No. 50-1, at 12). Generally, "when brought on direct appeal, ineffective assistance of counsel claims are 'presumptively dismissible, and virtually all will be dismissed.'" *United States v. Trestyn*, 646 F.3d 732 (10th Cir. 2011) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc))); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."). Furthermore, even if he had received new counsel on direct appeal, Defendant has failed to establish that trial counsel was ineffective for declining to raise the arguments presented in this Motion. (Doc. No. 50, 50-1). In short, Defendant cannot establish that trial counsel's failure to withdraw was objectively

unreasonable and actually prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984).

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that burden, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court considers this question sua sponte in denying this 28 U.S.C. § 2255 Motion and finds that Defendant failed to make this showing. Accordingly, the Court hereby DENIES a Certificate of Appealability.

For the reasons set forth above, the Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 50) is hereby DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 30th day of September 2022.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**